FILED
2013 Jul-29 PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JUDITH THOMPSON, as Chapter 7 Trustee of the Bankruptcy Estate of Anthony Martin,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No.: 4:12-CV-04193-VEH |
| **EARTHLINK SHARED SERVICES, LLC,** ) ) ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION

Anthony Martin ("Mr. Martin") initiated this job discrimination lawsuit arising under Title VII, § 1981, and the Americans with Disabilities Act ("ADA") against EarthLink Shared Services, LLC ("EarthLink") on December 26, 2012. (Doc. 1). On April 19, 2013, EarthLink filed a Motion for Summary Judgment (Doc. 14) (the "Rule 56 Motion") asserting the affirmative defense of judicial estoppel.  On this same date, EarthLink filed its brief and supporting evidence.  (Doc. 15).

Mr. Martin opposed the Rule 56 Motion (Doc. 21) on May 31, 2013. Mr. Martin also filed a Renewed Motion To Substitute (Doc. 24) ("Substitution Motion")

on June 5, 2013.[1]   The Substitution Motion seeks to substitute the Chapter 7 bankruptcy trustee, Judith Thompson ("Ms. Thompson"), for Anthony Martin ("Mr. Martin"), as the real party plaintiff in this action.

EarthLink filed a reply brief (Doc. 25) and opposed the Substitution Motion (Doc. 26) on June 14, 2013.  Neither party filed any further briefing.

Accordingly, both motions are under submission, and, for the reasons explained below, EarthLink's Rule 56 Motion is **DENIED**, and Mr. Martin's Substitution Motion is **GRANTED**.

## II.   STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R . Civ. P. 56(c).  "[A]ll reasonable doubts about the facts" and "all justifiable inferences" are resolved in favor of the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation marks omitted) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct.

---

[1] On June 4, 2013, the court denied without prejudice Mr. Martin's first request for a party substitution due to a failure to follow the procedural prerequisites contained in appendix III to the court's uniform initial order.  (Doc. 23).

2505, 2510, 91 L. Ed. 2d 202 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).

Finally "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d at 1274 (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

## III.   ANALYSIS[2]

### A.   Rule 56 Motion

Mr. Martin opposes EarthLink's Rule 56 Motion on two different fronts. First, Mr. Martin maintains that he is not subject to judicial estoppel. (Doc. 21 at 5-8). Second, Mr. Martin contends that even if judicial estoppel applies to him, the doctrine does not extend to the proposed substituted party, Ms. Thompson, in her capacity as

---

[2] Given the nature of this court's ruling on summary judgment, it elects not to recite a separate statement of facts.

the Chapter 7 bankruptcy trustee, pursuant to the Eleventh Circuit's holding in *Parker v. Wendy's International, Inc.*, 365 F.3d 1268 (11th Cir. 2004). (Doc. 21 at 8-10). Having studied both sides' positions, the court agrees with Mr. Martin's alternative argument,[3] finds *Parker* to be plainly on point in this regard, and rejects EarthLink's efforts to distinguish the controlling precedent and to convince this court, instead, to apply *Burnes v. Pemco Aeorplex, Inc.*, 291 F.3d 1282 (11th Cir. 1982).

More specifically, in *Burnes*, "[t]he parties agree[d] that the bankruptcy court, the bankruptcy trustee, and Billups' creditors never knew about the pending lawsuit."

---

[3] Thus, the court does not reach the matter of whether judicial estoppel applies to Mr. Martin except only to point out that EarthLink's Rule 56 Motion fails to draw any distinction between Mr. Martin's efforts to obtain monetary damages versus injunctive relief (such as seeking job reinstatement and prospectively prohibiting EarthLink from engaging in illegal employment practices) (*see, e.g.*, Doc. 1 at 5 ¶¶ (ii) ("[M]ake Plaintiff whole by rehiring him and placing him in the position he would have occupied in the absence of discrimination . . . ."), (iii) ("[E]njoining Defendant . . . from further violation of Plaintiff's rights under Title VII . . . .")) even though the Eleventh Circuit has reversed on the misapprehension of this issue <u>including even in several cases expressly relied upon by EarthLink</u>. *See, e.g., Burnes*, 291 F.3d at 1289 ("We decide, then, that the important and necessary reasons that bar Billups' monetary claims do not affect his efforts to change, through injunctive relief, Pemco's employment practices."); *Burnes*, 291 F.3d at 1289 ("[S]ummary judgment in favor of Pemco on Billups' claims for injunctive relief is REVERSED and the case is REMANDED to the district court for further proceedings on those claims consistent with this opinion."); *Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (11th Cir. 2003) ("Barger's claim for injunctive relief (*i.e.* her request for reinstatement) would have added nothing of value to the bankruptcy estate even if she properly disclosed it."); *Barger*, 348 F.3d at 1297 ("However, we REVERSE the district court's decision to the extent that it prohibits Barger from seeking injunctive relief."). Thus, EarthLink's Rule 56 Motion is underdeveloped in this regard.

291 F.3d at 1288.  Therefore, unlike *Parker*, *Burnes* did not address the application of judicial estoppel to the interests of a bankruptcy trustee who seeks to prosecute claims connected to a bankruptcy estate, but rather applied the doctrine solely to a debtor, who had inconsistently omitted any report of his pending district court claims to the bankruptcy court.  Further, the *Burnes* court cautioned that "courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine."  *Burnes*, 291 F.3d at 1286.

*Parker* subsequently clarified that an exception to the application of the judicial estoppel doctrine occurs when a bankruptcy trustee's interests are actively at stake. *See Parker*, 365 F.3d at 1272 ("The correct analysis here compels the conclusion that judicial estoppel should not be applied <u>at all</u>.") (emphasis added).  In finding that the district court had inappropriately used judicial estoppel against the Chapter 7 bankruptcy trustee in *Parker*, the Eleventh Circuit reasoned:

> In this case, Parker's discrimination claim became an asset of the bankruptcy estate when she filed her petition.  Reynolds, as trustee, then became the real party in interest in Parker's discrimination suit.  <u>He has never abandoned Parker's discrimination claim and he never took an inconsistent position under oath with regard to this claim</u>.  Thus, Reynolds cannot now be judicially estopped from pursuing it.

365 F.3d at 1272 (emphasis added).  Here, the same is true with respect to Ms. Thompson's actions as the trustee–the record confirms that she has not abandoned

Mr. Martin's discrimination claims and, instead, as evidenced by the bankruptcy court order dated June 3, 2013, approving the employment of a professional person (Doc. 22 at 3) as well as the pending Substitution Motion, she seeks to have Mr. Martin's counsel continue with the pursuit of these claims on her behalf as trustee over Mr. Martin's bankruptcy estate.  Also, EarthLink has not shown where Ms. Thompson ever has taken "an inconsistent position under oath with regard to [Mr. Martin's bankruptcy estate's] claim[s]." *Id.*

*Parker* contrasted its judicial estoppel defense holding from other types of valid defenses that still could bar a trustee's pursuit of a claim post-petition. *See Parker*, 365 F.3d at 1272 n.2 ("We are not holding that it is impossible for a valid defense against a pre-petition claim brought by the trustee to arise post-petition."); *id.* ("For instance, if Parker had filed this claim after the statute of limitations had passed, the statute of limitations defense would bar Reynolds from pursuing this claim, just as it would bar Parker from pursuing it.").

*Parker* also questioned, in *dicta*, whether *Burnes* should have been decided on jurisdictional as opposed to judicial estoppel grounds:

> Moreover, based on our analysis which follows, it is questionable as to whether judicial estoppel was correctly applied in *Burnes*. <u>The more appropriate defense in the *Burnes* case was, instead, that the debtor lacked standing</u>.

*Parker*, 365 F.3d at 1272 (emphasis added).

EarthLink suggests that a key distinguishing factor in *Parker* is that "the trustee [there] received permission to intervene *before* the defendants ever raised the issue of judicial estoppel." (Doc. 25 at 6 (emphasis in original)).  While, in summarizing the trustee's multiple contentions, the *Parker* court did include this procedural history, *see Parker*, 365 F.3d at 1270 ("Reynolds contended that this sequence of events also distinguished this case from *Burnes* because the debtor in *Burnes* only moved to reopen his bankruptcy case after the defendant argued judicial estoppel."), this court does not interpret the mere mention of such a contention as background material to mean that only those trustees who seek intervenor or substitution status in advance of a defensive judicial estoppel motion are protected by *Parker*'s unambiguous holding.  Moreover, if the *Parker* court had wanted to impose such a limitation on its holding, then it simply could have done so by expressly embracing that particular argument advanced by the trustee.  Instead, the court chose to preclude the operation of the judicial estoppel defense to the Chapter 7 trustee <u>without</u> referencing any temporal restrictions.

As legal support, EarthLink cites to no binding authorities, but instead primarily to an unpublished opinion by the Eleventh Circuit, *Jones v. United States*, No. 11-13158, 467 Fed. App'x 815 (11th Cir. Mar. 14, 2013), and a district court

7

decision from the Middle District of Florida, *Marshall v. Electrolux Home Products, Inc.*, No. 6:05-CV-1587-Orl-18KRS, 2006 U.S. Dist. LEXIS 91886 (M.D. Fla. Dec. 19, 2006). (Doc. 25 at 6-7).

The court has reviewed both of these cases and finds them to be either inapplicable or unpersuasive. Turning first to *Jones*, the Eleventh Circuit's decision to uphold the district court's denial of the trustee's motion to substitute turned on the issue of standing to pursue the appeal, and not the timing, or the merits of the trustee's motion:

> Jones also contends that the district court erred in denying the Trustee's motion to substitute as the plaintiff in this case. <u>The Government counters that Jones has no standing to challenge this order</u>. We agree with the Government.
>
> Jones contends that the district court should have ruled on the Trustee's motion to substitute before granting the Government's motion for summary judgment. She points out that, under this circuit's binding precedent, the Trustee is not subject to the Government's defense of judicial estoppel. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). <u>But, the Trustee did not appeal the district court's denial of his motion to substitute, apparently deciding not to pursue this claim. Jones lacks standing to challenge that denial</u>.

*Jones*, 467 Fed. App'x at 819 (emphasis added).

Additionally, the panel in *Jones* acknowledged, in *dicta*, that, under *Parker*, an "innocent" trustee is not subject to judicial estoppel even when the debtor is barred, and, in doing so, <u>made no reference</u> to the timing of when a motion to substitute has

8

to be filed in order for a trustee's interests to be protected under the scope of that prior published precedent.

> Here, Jones is not a party aggrieved by the district court's denial of the Trustee's motion to substitute. Jones is judicially estopped from recovering any damages; only the Trustee would have had a claim for damages had the prosecution of this case continued. <u>Jones cannot put herself in the position of the innocent Trustee. And judicial estoppel can bar a debtor's recovery on a claim without barring the Trustee's recovery on that claim</u>. *See Parker*, 365 F.3d at 1273 n.4 (suggesting this result); *Reed v. City of Arlington*, 650 F.3d 571, 579 (5th Cir. 2011) (en banc) (same). Because Jones is judicially estopped from recovering on her FTCA claim, she has no interest in having the Trustee substituted as the plaintiff in this case. Thus, she lacks standing to challenge the denial of the motion to substitute.

*Jones*, 467 Fed. App'x at 819 (emphasis added).

Thus, the record in *Jones* established that the trustee had abandoned Jones's claim by choosing not to pursue the district court's denial of the motion to substitute on appeal. Further, nothing in *Jones* lends legal support to EarthLink's proposition that the timing of trustee's motion to substitute is a relevant inquiry when deciding whether judicial estoppel applies to a trustee under *Parker*.

While the *Marshall* decision does dovetail with EarthLink's position, 2006 U.S. Dist. LEXIS 91886, at *9-10, the court simply disagrees with the district court's reliance upon *Burnes* as controlling, instead of *Parker*. Additionally, the Eleventh Circuit never addressed whether the district court abused its discretion in *Marshall*

9

when following *Burnes* in lieu of *Parker*, as the ruling favorable to the defendant apparently never was appealed.[4]

In sum, based upon this court's understanding of *Burnes* and *Parker*, it would have decided the trustee's motion to intervene differently in *Marshall* and, therefore, this court is unpersuaded by that opinion's analysis. Further, in the absence of any binding precedent which limits the coverage of *Parker* in the manner adopted in *Marshall*,[5] the court finds, in its discretion, that the defense of judicial estoppel does

---

[4] Because judicial estoppel is a discretionary doctrine, *see Burnes*, 291 F.3d at 1284 ("[W]e review the district court's application of judicial estoppel for abuse of discretion."), even if the Eleventh Circuit had entertained and upheld the *Marshall* decision on appeal, it does not necessarily follow that this court's refusal to apply the defense in the context of this case would constitute an abuse of discretion. *Compare Marshall*, 2006 U.S. Dist. LEXIS 91886, at *9-10 ("In the present case, the Bankruptcy Trustee was not informed of Plaintiff's claims against Defendant until almost one year after the initial state court filing."), *with* Doc. 20-2 at 1 ¶ 4 (clarifying that district court counsel for Mr. Martin first advised Mr. Martin's bankruptcy counsel via email on February 22, 2013, that the federal lawsuit filed on December 26, 2012, needed to be included on Mr. Martin's bankruptcy schedules), *and id.* ¶ 5 (stating that Mr. Martin's bankruptcy schedules were amended in April 2013).

[5] The additional Eleventh Circuit published opinions footnoted by EarthLink in its reply (Doc. 25 at 6 n.3) are inapposite because they are limited to judicially estopping a debtor as opposed to a trustee. *See De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289, 1292 (11th Cir. 2003) ("In conclusion, because the district court did not err in applying judicial estoppel to De Leon's retaliation and discrimination claims, we affirm its grant of summary judgment to Comcar."); *Barger*, 348 F.3d at 1296 ("In light of *Burnes* and *De Leon*, it is difficult to argue that Barger should not be judicially estopped from asserting the discrimination claims she failed to disclose in her bankruptcy petition.").

not restrict Ms. Thompson, as trustee of Mr. Martin's Chapter 7 bankruptcy estate, from pursuing the job discrimination claims that are at stake in this lawsuit.[6]

### B.     **Substitution Motion**

The Substitution Motion seeks to substitute Ms. Thompson for Mr. Martin as the real party plaintiff in this action. (Doc. 24 at 2 ¶ 2). The Substitution Motion refers to the bankruptcy court's order dated June 3, 2013, which approved Ms. Thompson's request to allow Mr. Martin's current counsel to represent her in the further prosecution of the bankruptcy estate's claims that are pending before this court. (Doc. 24 at 2 ¶ 3); (*see also* Doc. 22 at 3 ("The Application by Trustee for Approval of Employment of Adam M. Porter as a Professional Person is hereby GRANTED.")). EarthLink opposes the merits of the Substitution Motion on the bases of *Jones* and *Marshall*. Consistent with the court's analysis denying EarthLink's Rule 56 Motion, the Substitution Motion is **GRANTED**, and the Chapter 7 trustee of the bankruptcy estate for Mr. Martin, Ms. Thompson, is **HEREBY SUBSTITUTED** for Mr. Martin as this lawsuit's real plaintiff in interest. Accordingly, all future filings shall bear the case caption set forth above.

---

[6] Accordingly, the court does not need to reach the issue of whether judicial estoppel should apply to Mr. Martin.

## IV. CONCLUSION

Accordingly, EarthLink's Rule 56 Motion is **DENIED**, and Mr. Martin's Substitution Motion is **GRANTED**. Further, the clerk is **HEREBY DIRECTED** to substitute the Chapter 7 bankruptcy trustee, Ms. Thompson, as the real party plaintiff in this action.

**DONE** and **ORDERED** this the 29th day of July, 2013.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge